HOWARD v. SHINN et al. (DRAKE et al., Interveners).

(Circuit Court of Appeals, Ninth Circuit. October 9, 1911. On Petition for Rehearing, October 27, 1911.)

No. 1,915.

CORPORATIONS (§ 482*) — MORTGAGES — FORECLOSURE — REPRESENTATION OF BONDHOLDERS BY TRUSTEE.

Where the same trustee was named for different sets of bondholders of a corporation, and in a foreclosure suit consented to a decree which gave the junior bondholders priority of lien over the senior, it cannot be considered as representing the latter in such suit, and, if not otherwise represented, they are entitled to come in and be heard on such question of priority, even after decree; but an order, subsequently made, which permits them to raise the question on distribution of the proceeds of the sale of the property, is such a modification of the original decree as fully protects their rights.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 482.*]

Appeal from the Circuit Court of the United States for the District of Oregon.

Suit in equity by Frank R. Shinn and others against the Deschutes Irrigation & Power Company, Frederick S. Stanley, Roscoe Howard, and the Merchants' Savings & Trust Company, formerly the Merchants' Investment & Trust Company, in which Alexander M. Drake, the Pilot Butte Development Company, and R. S. Howard, Jr., receiver of the Title Guarantee & Trust Company, intervened. Decree for complainants, and Intervener Howard appeals. Affirmed.

William C. Bristol, for appellant.

Louis G. Addison, Jesse Stearns, John H. Hall, Carey & Kerr, Charles H. Carey, and James B. Kerr, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ROSS, Circuit Judge. We have given to the elaborate briefs of counsel in this cause careful consideration. Our views in respect to the case may be stated in a few words: The suit was brought for the foreclosure of a mortgage given to secure certain bonds—the appellee Merchants' Savings & Trust Company, formerly Merchants' Investment & Trust Company, a corporation of the state of Oregon, being therein named as trustee—and to procure the appointment of a receiver of the mortgaged property pendente lite. The mortgage executed to secure those bonds contained, among other things, this clause:

"Provided, further, that this deed shall not operate or be held to prohibit the party of the first part from selling or conveying, or otherwise disposing of, for the use and benefit and maintenance of the property of said company, or for the liquidation of said bonds, or any part thereof, and free from the incumbrances of this trust, any real or personal property now owned or hereafter to be acquired by this company."

Certain persons advanced money to the mortgagor under and by virtue of the latter clause of the mortgage, for which what are called in the record "collateral bonds" were issued to them; and, those persons being made parties to the suit by an amended bill filed in the cause, they set up their claims as preferred liens to that of the first mortgage bondholders, $25,000 in face value of which the appellant Howard held and still holds as receiver of the Title Guarantee & Trust Company.

In the matter of the collateral bonds the appellee Merchants' Savings & Trust Company was also named as trustee, and that company undertook to act as trustee in respect to both classes of the bonds. The record shows that a decree of foreclosure was entered in the cause on the 8th day of September, 1910, by consent of all of the then parties to the suit; the appellant, Receiver Howard, not being a party thereto, unless he can be held to have been represented by the appellee Merchants' Savings & Trust Company. That trustee not only consented to the entry of the decree of September 8th, which, among other things, established the priority of the lien of the collateral bonds over the first mortgage bonds, but by its pleadings filed in the cause expressly admitted and set up such priority. The antagonistic positions thus assumed by that trustee, therefore, precludes it, upon the most obvious principles of equity, from being considered as the representative of the appellant in the cause. And it is equally plain that the appellant, being the holder of some of the first mortgage bonds, was and is entitled to be heard upon the question of the priority of the respective liens. It was upon that question that he sought to be heard by means of proceedings subsequently taken by him in the cause, which culminated in the entry on the 3d day of October, 1910, of a decree which, among other things, provided as follows:

"That the said R. S. Howard, receiver, and A. M. Drake, as bondholders, are hereby decreed and granted the right to intervene and be heard on the question of the distribution of the proceeds of the sale of the mortgaged property to be sold under said decree [of September 8, 1910], for the purpose of having determined the priority of the first mortgage and the collateral trust mortgage to the right of lien upon the property held by the trustee to secure the collateral trust mortgage."

This was in effect a modification of the decree of September 8, 1910, and secures to the appellant the right to be heard upon the question of priority of the lien securing the bonds held by him. Nothing more being needed to secure his alleged rights in the premises, the decree of October 3, 1910, from which his appeal is taken, is affirmed.

### On Petition for Rehearing.

The right accorded the appellant by the decree of October 3, 1910, from which the appeal is taken, to intervene and be heard on the question of the distribution of the proceeds of the sale of the mortgaged property, seems, upon further examination, to be limited thereby to the question of priority as between the first and collateral trust bondholders only; whereas, for the reasons stated in our opinion filed in the cause, the appellant, not having been either a party to the suit or represented therein, is entitled to be heard upon the question of the priority of the first mortgage lien over any and all other liens. The judgment of affirmance of the decree of October 3, 1910, directed by the opinion of this court filed herein, is therefore so modified as to direct that the above-mentioned limitation contained in the decree appealed from, to wit, that of October 3, 1910, be stricken out, and the said decree be so modified as to afford the appellant, on his intervention therein provided for, the right to be heard on the question of the priority of the lien of the first mortgage over any and all other liens; and, as so modified, the decree appealed from will stand affirmed.

The petition for rehearing is denied.